```
                                                            CLERK'S OFFICE U.S. DIST. COURT
                                                                  AT ROANOKE, VA
                                                                       FILED
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF VIRGINIA                      APR 1 1 2006
                    ROANOKE DIVISION                           JOHN F. CORCORAN, CLERK
                                                              BY:
                                                                   DEPUTY CLERK
```

| | |
|---|---|
| BENJAMIN H. JONES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:06-cv-00204 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| NURSE HARLESS, | ) |
| RED ONION STATE HOSPITAL, | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |
| Defendants. | ) |

Plaintiff Benjamin H. Jones, a Virginia inmate acting pro se, brought this action styled as a petition for writ of mandamus, complaining that the defendant, Nurse Harless, at Red Onion State Hospital, would not provide him with copies of certain medical records from the early 1990s. He cannot be entitled to mandamus relief from this court, as federal courts have no general "mandamus" power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Jones asserts that he has a right to these records under F.O.I.A., however. Because he appears to be referring to the federal statute known as the Freedom of Information Act, the court construed and filed his petition for mandamus as a civil complaint under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Jones did not apply to proceed in forma pauperis or prepay the $250.00 filing fee for this civil action. Upon review of court records, the court concludes that Jones' complaint must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

By order and opinion dated August 12, 1998, the court held that Benjamin Jones had filed

1

at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, unless he prepays the $250.00 filing fee or alleges facts demonstrating that he is in imminent danger of physical harm. See Jones v. Hadley, Civil Action No. 98-0066-R (W.D. Va. 1998). Clearly, the allegations summarized above do not present the slightest indication that defendant's actions place Jones in imminent danger of any physical harm whatsoever.

Inasmuch as Jones does not allege any facts in this complaint suggesting that he is in imminent danger of physical or irreparable harm, he does not qualify to proceed without prepayment of the filing fee. And as the court has not received prepayment of the filing fee for this action, the court will summarily dismiss the action without prejudice, pursuant to § 1915(g). An appropriate order shall be issued this day.

ENTER: This 10th day of April, 2006.

/s/ James C. Turk
Senior United States District Judge